IN THE UNITED STATES COURT OF FEDERAL CLAIMS

NOT FOR PUBLICATION

|  |  |
|---|---|
| DARYL JEROME GORDON, | ) ) ) |
| Plaintiff, | ) No. 23-2035C ) |
| v. | ) Filed: July 26, 2024 ) |
| THE UNITED STATES, | ) ) |
| Defendant. | ) ) ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Daryl Jerome Gordon, proceeding pro se, filed a Complaint alleging several violations by federal and state entities in connection with Texas state court child support and custody proceedings. *See* Pl.'s Compl., ECF No. 1. Before the Court is the Government's Motion to Dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). For the reasons stated below, the Court **GRANTS** the Government's Motion.

### I. BACKGROUND

On November 27, 2023, Plaintiff filed his Complaint in this Court. *See generally* ECF No. 1. In the Complaint, Plaintiff names various federal and state entities as Defendants, including the United States Social Security Administration, the United States Department of Health and Human Services, the 225th Dallas County District Court, the Texas Office of the Attorney General, and the Texas Office of Child Support Enforcement. *Id.* at 1.

Plaintiff's allegations appear to stem from Texas state court proceedings concerning his child support and custody disputes between 2014 and 2020. *See id.* at 3–5. Plaintiff alleges that

in 2014, the 225th Dallas County District Court unjustly ordered him to pay $902 per month in child support, and that in 2020, the District Court did not adjust the child support order despite a decrease in his income due to being laid off from work. *Id.* at 3.  Plaintiff also alleges that during his 2018 child custody proceedings, the District Court "did not adequately address the issues raised" when he "sought primary custodianship due to school-related concerns for his child." *Id.*; Pl.'s Compl., Ex. A at 2, ECF No. 1-2 (alleging that "the mother's alleged child abuse was not effectively addressed").  Additionally, Plaintiff alleges that his Department of Veterans Affairs disability income was improperly disclosed by his child's mother and then used as a basis for modifying his child support payments, which he asserts violated the Privacy Act of 1974.  ECF No. 1 at 4; ECF No. 1-2 at 2.  Finally, Plaintiff alleges that he received inadequate legal representation during the child support and custody proceedings, which resulted in an unjust financial burden and emotional distress.  ECF No. 1 at 4.  In his request for relief, Plaintiff asks the Court to order an investigation into his child support orders, adjust his child support payments to reflect his current financial situation, and award him damages for emotional distress and economic losses.  *Id.* at 5.[1]

The Government moved to dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction on March 4, 2024.  *See* Def.'s Mot. to Dismiss, ECF No. 8.  The Motion is fully briefed and ready for decision.[2]  *See* Pl.'s Resp. to Def.'s Mot. to Dismiss, ECF No. 9; Def.'s Reply, ECF

---

[1] Plaintiff also requests a jury trial.  ECF No. 1 at 5.  However, the RCFC contains no provision for jury trials.  *See* RCFC 38, 39.  In addition, because this Court is an Article I court, the Seventh Amendment right to a jury trial does not apply.  *Rohland v. United States*, 135 Fed. Cl. 36, 38 (2017).  Consequently, "[b]y filing in the Court of Federal Claims, one waives the right to a jury trial."  *Arunga v. United States*, 465 F. App'x 966, 967 n.2 (Fed. Cir. 2012) (citing *James v. Caldera*, 159 F.3d 573, 589–90 (Fed. Cir. 1998)).

[2] On April 14, 2024, Plaintiff filed a surreply, which the Court construed as a request to file a surreply.  Pl.'s Surreply, ECF No. 12.  He then formally moved for leave to file his surreply

No. 10; Pl.'s Surreply, ECF No. 12; Pl.'s Mot. for Leave to File Surreply, ECF No. 13; Def.'s Resp. to Pl.'s Mot. for Leave to File Surreply, ECF No. 14.

## II.  LEGAL STANDARD

Before considering the merits of a claim, the Court must ensure the action is within its subject-matter jurisdiction.  *See* RCFC 12(b)(1), (h)(3); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (affirming that subject-matter jurisdiction "'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception'" (quoting *Mansfield v. Swan*, 111 U.S. 379, 382 (1884))).  If the Court determines that it lacks subject-matter jurisdiction, "the only function remaining to the court is that of announcing the fact and dismissing the case."  *Steel*, 523 U.S. at 94 (quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1868)).

The Tucker Act grants this Court jurisdiction to hear claims against the United States based on the Constitution, an Act of Congress, a regulation of the Executive Branch, or an express or implied-in-fact contract with the United States.  28 U.S.C. § 1491(a)(1).  The Tucker Act, however, is "only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages."  *United States v. Testan*, 424 U.S. 392, 398 (1976).  To establish jurisdiction, a plaintiff must identify a separate source of law that "can fairly be interpreted as mandating compensation by the Federal Government."  *United States v. Navajo Nation* (*Navajo II*), 556 U.S. 287, 290 (2009) (quoting *Testan*, 424 U.S. at 400).  Thus, this Court's

---

on May 17, 2024.  Pl.'s Mot. for Leave to File Surreply, ECF No. 13.  The Government did not take a position on Plaintiff's Motion.  Def.'s Resp. to Pl.'s Mot. for Leave to File Surreply at 1, ECF No. 14.  In light of Plaintiff's pro se status, the Court **GRANTS** his request for leave to file a surreply (ECF Nos. 12, 13).

3

jurisdiction under the Tucker Act does not extend to "every claim invoking the Constitution, a federal statute, or a regulation." *United States v. Mitchell*, 463 U.S. 206, 216 (1983).

Additionally, the Court's jurisdiction to hear claims for money damages is not without limitation.  The Court does not have jurisdiction over state defendants, *Anderson v. United States*, 117 Fed. Cl. 330, 331 (2014), nor does the Court have jurisdiction over claims against the United States where Congress has vested other federal courts with the exclusive authority to hear such claims, *Lion Raisins, Inc. v. United States*, 416 F.3d 1356, 1372 (Fed. Cir. 2005).  In these circumstances, the action does not fall within the Tucker Act and may not be heard in the Court of Federal Claims.

When evaluating a motion under Rule 12(b)(1) for lack of jurisdiction, the Court must "accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).  The plaintiff bears the burden of proving, by a preponderance of evidence, that the Court has subject-matter jurisdiction. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).  In addition, while the Court construes pro se complaints liberally, it still requires that pro se plaintiffs establish the Court's jurisdiction over the matter. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

### III. DISCUSSION

Plaintiff brings claims against federal and state entities alleging that (1) a Texas state court imposed unlawful child support and custody orders, (2) the disclosure of his Veterans disability income violated the Privacy Act, and (3) that he received inadequate legal representation during his state court child support and custody proceedings.  The Court must dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction, as the Court's jurisdiction does not extend to

state defendants, statutory claims where Congress has vested exclusive jurisdiction with the federal district courts, and claims that are not money-mandating.

**A.     The Court Has No Jurisdiction Over Claims Implicating Only State Defendants.**

The Court lacks jurisdiction over Plaintiff's claims, which are directed at executive agencies and judicial courts of the State of Texas. In this Court, "the *only* proper defendant for any matter before [it] is the United States, not its officers, nor any other individual." *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003) (emphasis in original) (citing *United States v. Sherwood*, 312 U.S. 584, 588 (1941)). The Court has no jurisdiction over claims against "states, localities, state and local government officials, [or] state courts[.]" *Treviño v. United States*, 557 F. App'x 995, 998 (Fed. Cir. 2014); *Johnson v. United States*, 144 Fed. Cl. 578, 582 (2019). Similarly, the Court "lacks authority to review a state court's judgments" and "to remedy injuries that are caused by a state court's order." *Potter v. United States*, 108 Fed. Cl. 544, 547 (2013) (holding that the court lacked jurisdiction over claims alleging deficient state court proceedings); *Lord Noble Kato Bakari El v. United States*, 127 Fed. Cl. 700, 704 (2016) ("[T]his court lacks jurisdiction to review the decisions of state courts."); *Robinson v. United States*, 135 Fed. Cl. 556, 560 (2017) (holding that the court was "powerless" to review a state court order in a family law proceeding).

Although the caption of the Complaint names two federal agencies as Defendants, Plaintiff also names three Texas state entities as Defendants in this action, including the 225th Dallas County District Court, the Texas Office of the Attorney General, and the Office of Child Support Enforcement. ECF No. 1 at 1. The Court has no jurisdiction to hear claims against these

5

Defendants.[3]  *See Stephenson*, 58 Fed. Cl. at 190.  Moreover, the mere naming of the United States (or its agencies) as Defendant in the Complaint is not sufficient to confer jurisdiction; the allegations also must implicate the United States.  *See May Co. v. United States*, 38 Fed. Cl. 414, 416 (1997) (dismissing landowner's complaint related to a local river project, which captioned the United States as the sole defendant, because all substantive allegations were against other state and private entities).  Plaintiff's allegations do not implicate any actions of the United States, rather they are all related to state court proceedings.  Therefore, Plaintiff's claims must be dismissed for lack of jurisdiction.

> B. **The Court Has No Jurisdiction Over Privacy Act Claims.**

To the extent Plaintiff's Privacy Act claim is directed at the United States, it does not save his Complaint from dismissal.[4]  Plaintiff alleges that the disclosure of his Veterans disability income during the child support and custody proceedings violated the Privacy Act.  ECF No. 1 at 4; *see* 5 U.S.C. § 552a.  As stated above, where Congress has vested another court with exclusive

---

[3] In his Response to the Government's Motion to Dismiss, Plaintiff cites several cases discussing waiver of a state's sovereign immunity under the Eleventh Amendment.  *See* ECF No. 9 at 2–4; *see also* U.S. Const. amend. XI (conferring waivable immunity to sovereign entities, prohibiting federal courts from hearing cases in which a state is sued by an individual from another state or country).  In his Surreply, Plaintiff clarifies that he is not asserting a direct claim under the Eleventh Amendment because he only raises claims against the United States.  *See* ECF No. 12 at 3.  This assertion contradicts the Complaint itself, which expressly identifies state entities as Defendants in both the caption and text.  *See* ECF No. 1 at 1, 2.  It also contradicts the substance of the Complaint's allegations, which all concern actions taken in relation to state court child support and custody proceedings.  *See Williams v. Sec'y of the Navy*, 787 F.2d 552, 557 (Fed. Cir. 1986) (noting that the substance, not the form, of a pleading is controlling); *Brazos Elec. Power Coop., Inc. v. United States*, 144 F.3d 784, 787 (Fed. Cir. 1998) ("[W]e customarily look to the substance of the pleadings rather than their form.").

[4] In a document attached to the Complaint, Plaintiff alleges that the mother of his child made the prohibited disclosure.  ECF No. 1-2 at 2.

jurisdiction over a type of claim, this Court lacks subject-matter jurisdiction. *See Lion Raisins*, 416 F.3d at 1372.

It is well established that the Court does not have jurisdiction over claims arising under the Privacy Act because the Act expressly vests jurisdiction for such claims in the United States District Courts. 5 U.S.C. § 552a(g)(1) (providing that an "individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters under the provisions of [5 U.S.C. § 552a]"); *see Parker v. United States*, 77 Fed. Cl. 279, 291 (2007) ("Although the Privacy Act creates a civil cause of action for monetary damages, the Act expressly vests jurisdiction for such claims in the United States District Courts."); *Addington v. United States*, 94 Fed. Cl. 779, 784 (2010) ("[T]his court cannot adjudicate plaintiff's claim that the VA violated the Privacy Act."); *Braun v. United States*, 144 Fed. Cl. 560, 571 (2019) ("Any claims that plaintiff wishes to pursue under the Privacy Act can only be brought in a District Court."). Accordingly, the Court lacks jurisdiction to review Plaintiff's claim pertaining to alleged violations of the Privacy Act.

**C.     Plaintiff's Complaint Does Not Identify any Money-Mandating Source of Law.**

Plaintiff's remaining claims, even if construed as properly alleged against the United States, must also be dismissed because Plaintiff has not identified any money-mandating source of law as required by the Tucker Act. *See* 28 U.S.C. § 1491(a)(1); *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("To be cognizable under the Tucker Act, the claim must be for money damages against the United States, and the substantive law must be money-mandating."). Though pro se litigants are held to "less stringent standards than formal pleadings drafted by lawyers," failures to comply with the Court's jurisdictional requirements are not excused. *Hampel v. United States*, 97 Fed. Cl. 235, 237 (2011) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff asserts in his Response that his allegations "fundamentally challenge statutory and constitutional violations." ECF No. 9 at 5. However, the Complaint does not cite any such sources of law, other than the Privacy Act addressed above. *See Morgan v. United States*, 12 Cl. Ct. 247, 252–53 (1987) (holding that the "mere assertion" that a claim is founded upon a money-mandating source of law is not sufficient grounds for this Court's jurisdiction). To the extent Plaintiff alleges a claim of ineffective assistance of counsel in the state court proceedings in violation of his Sixth Amendment rights, *see* ECF No. 1 at 4, this Court has long held that the Sixth Amendment is not money-mandating and, therefore, jurisdiction to review such claims does not lie in this Court. *Dupre v. United States*, 229 Ct. Cl. 706, 706 (1981) (finding that the court lacked jurisdiction over plaintiff's Sixth Amendment claims because the Sixth Amendment is not money-mandating); *Gable v. United States*, 106 Fed. Cl. 294, 298 (2012) ("[T]he United States Court of Federal Claims does not have jurisdiction to adjudicate the alleged violations of Plaintiff's Sixth Amendment rights, because that constitutional provision is not money-mandating."). The same is true with respect to a First Amendment claim, which Plaintiff briefly refers to in his Response. *See* ECF No. 9 at 4–5; *see also, e.g.*, *United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983) (explaining that the First Amendment is not money-mandating).

The Response also states that "Plaintiff's allegations hint at underlying contractual or insurance-related disputes with the government warranting the application of federal jurisdiction." ECF No. 9 at 7. However, Plaintiff's Complaint makes no reference to any contract (express or implied) with the Government, nor does it mention any insurance dispute that would obligate the Government to pay him money damages. *See generally* ECF No. 1. It does not appear that Plaintiff is aware of any such agreements either. *See* ECF No. 9 at 7 (alleging that "[d]iscovery is expected to reveal the nature of these agreements and their relevance to the Plaintiff's claims"). A

claim based on a contract with the federal government is within the Court's jurisdiction; however, the Court is not bound by a litigant's "conclusory legal characterizations." *Perry v. United States*, 149 Fed. Cl. 1, 17 (2020), *aff'd*, No. 2020-2084, 2021 WL 2935075 (Fed. Cir. July 13, 2021). To invoke the Court's jurisdiction, a pleading must assert at least "[a] non-frivolous allegation that a contract exists between a plaintiff and the United States . . . ." *Ibrahim v. United States*, 799 F. App'x 865, 867 (Fed. Cir. 2020); *see Engage Learning, Inc. v. Salazar*, 660 F.3d 1346, 1355 (Fed. Cir. 2011). Plaintiff does nothing more than *hint* at the existence of a contract with the Government, and fails to point the Court to any substantive provision of any purported contract that could provide a basis for jurisdiction.[5]

Lastly, to the extent that Plaintiff's allegations concerning the child support and custody proceedings are directed against federal entities, such allegations are founded upon state law and do not provide (let alone identify) any money-mandating source of law that would authorize this Court to review them. *See Johnson v. United States*, No. 20-831C, 2020 WL 5645180, at *1–2 (Fed. Cl. Sept. 22, 2020) (holding that plaintiff's allegations concerning child support payments are not money-mandating). Thus, even construing Plaintiff's Complaint liberally, any remaining claims must be dismissed.

---

[5] For the same reason, the references to the Fifth Amendment's Taking Clause and the Internal Revenue Code in the document attached to Plaintiff's Complaint do not satisfy the jurisdictional requirement. Plaintiff does not affirmatively allege that he is asserting a takings claim and/or a tax refund claim, nor does the Complaint contain non-frivolous allegations that plausibly state such claims. *See* ECF No. 1-2 at 4 (stating that "[i]f [this] case involves" a takings or tax refund claim then these sources of law "would apply").

## IV.  CONCLUSION

For these reasons, the Government's Motion to Dismiss (ECF No. 8) is **GRANTED** under RCFC 12(b)(1) for lack of subject-matter jurisdiction.  The Clerk is directed to enter judgment accordingly.

**SO ORDERED.**


Dated: July 26, 2024                                        */s/ Kathryn C. Davis*
                                                            KATHRYN C. DAVIS
                                                            Judge